CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
for Danville
APR 2 5 2008
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| STELLA M. HINKLE, | ) | CASE NO. 4:07CV00040 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE[1], Commissioner of Social Security, | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's March 1, 2004 claim for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff had not engaged in substantial

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Commissioner of Social Security as the defendant.

gainful activity since her alleged disability onset date, June 23, 2003, and that she was insured for benefits through December 31, 2008. (R. 23.) The Law Judge also found that the residual effects from plaintiff's injuries in a motorcycle collision with a deer on June 23, 2003, including a right pneumothorax and multiple bilateral rib fractures, were severe impairments. (*Id.*) However, the Law Judge determined that she did not have an impairment, or a combination of impairments, which was severe enough to meet or equal any listed impairment. (R. 25.) The Law Judge was of the view that plaintiff retained the residual functional capacity ("RFC") to perform light exertional work involving frequent climbing and balancing, and only occasional stooping, kneeling, crouching, crawling and overhead reaching. (*Id.*) The Law Judge found that this RFC did not preclude plaintiff from performing her past relevant work as a sales clerk.[2] (R. 28.) Thus, ultimately, the Law Judge concluded that she was not disabled under the Act. (R. 29.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record or in the reasons advanced on appeal to review the Law Judge's decision. (R. 7-9.) Accordingly, the Appeals Council denied review and adopted the Law Judge's August 21, 2006 decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The Regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in

---

[2]The vocational expert ("VE") testified that as plaintiff's past relevant work, as she performed it, was heavy exertional. (R. 317.) The VE further testified that the position, as generally performed, is light exertional. (*Id.*)

2

the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. § 404.1527; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

The Commissioner points out that, in her brief filed in support of her motion for summary judgment, plaintiff sets forth a single contention. (Comm's Brief, p. 5.) She argues that the Law Judge was compelled to find her disabled under Rule 202.01of the Medical Vocational Guidelines ("grids"), 20 C.F.R. Part 404, Subpart P, Appendix 2, because she is a person of advanced age who cannot do her past relevant work and is incapable of performing light work. (Pl's Brief, p. 4.) As the Commissioner infers, this argument essentially turns on itself because it is not supported by the evidence in the record. (Comm's Brief, pp. 6-8.)

All claims for disability insurance benefits are evaluated in a five-step sequential evaluation process. 20 C.F.R. § 404.1520. At Step Four in this evaluation, the Law Judge must determine whether a claimant's RFC allows him or her to perform their past relevant work. 20 C.F.R. § 404.1520(e). If the claimant is found capable of returning to this work, the inquiry ends. 20 C.F.R. § 404.1520(f); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003) (holding that if a finding of non-disability is made at any step in the sequential evaluation, the Commissioner will not proceed to the next step). However, if the Law Judge finds that the claimant is not capable of performing their past relevant work, the inquiry proceeds to Step Five. 20 C.F.R. 404.1520(g). At Step Five, the Law Judge must determine whether other jobs exist in the national economy that the claimant can perform, and it is at this Step that the grids are applicable. 20 C.F.R. §§ 404.1520(g), 404.1562.

3

The undersigned agrees with the Commissioner's observations that, by arguing she is disabled under Rule 202.01, plaintiff essentially has conceded the Law Judge's finding that she retains the RFC to perform light exertional work. If plaintiff can perform light work, as she concedes, and since plaintiff has not directly challenged that her past relevant work was in the light category, as the Law Judge found, the inquiry ends at Step Four of the sequential evaluation, never to reach Step Five, the final level in the evaluation process. 20 C.F.R. § 404.1520(f).

Even had the Law Judge found that plaintiff could not perform her past relevant work and proceeded to Step Five, the record fails to compel a finding that she is disabled under Rule 202.01. To qualify under Rule 202.01, the evidence must demonstrate that a claimant is able to perform up to light work activities, is a person of an advanced age[3], has a limited education or less, and has no transferable work skills. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.01. The record here shows that plaintiff has more than a limited education. *See* 20 C.F.R. § 404.1564(b)(3) (a limited education generally is considered to be a seventh through eleventh grade level of formal education). She graduated from high school and received a certification in adult business courses.[4] (R. 284-285.) Thus, plaintiff cannot meet the requirements of the Rule.

For these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

---

[3] At her hearing, the Law Judge noted that plaintiff was born on February 19, 1947 and, therefore, is a person of "advanced age." (R. 316.) Under the Regulations, an individual fifty-five years or older is a person of advanced age. 20 C.F.R. § 404.1563(e).

[4] The business certification plaintiff received involved one year of courses, and she earned all A's in her classes. (R. 285.)

4

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

4/25/08
Date